IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　Acting Commissioner, Social Security Administration<br>　　　　　　　　　　　　　　　　　／ | No. C 12-4482 MMC<br><br>**ORDER EXTENDING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR SUMMARY JUDGMENT; DIRECTIONS TO CLERK; DIRECTIONS TO PLAINTIFF** |

　　　In this action, plaintiff seeks judicial review of an administrative law judge's ("ALJ") decision denying plaintiff's application for supplemental security income benefits.

　　　By order filed February 11, 2013, the Court directed plaintiff to file a motion for summary judgment no later than March 28, 2013. On March 28, 2013, plaintiff, who proceeds pro se, submitted to the Clerk of the Court his copy of the administrative record,[1] along with a copy of the Court's order of February 11, 2013, and orally requested the Clerk file said documents as his motion for summary judgment. By seeking to file the entire administrative record as a motion, plaintiff appears to be acting under a misconception, specifically, that the Court's function in the above-titled action is to conduct an independent

---

　　　[1]Defendant previously filed the administrative record with the Clerk of the Court (see Doc. 13), and served a copy of the administrative record on plaintiff (see Doc. 14).

review of the administrative record and then make its own determination as to whether plaintiff is entitled to benefits. As discussed below, it is plaintiff's obligation to both specify any claimed error(s) and to identify where in the ALJ's decision any such claimed error(s) can be found.

A "decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error." See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotations and citation omitted). In determining whether a decision to deny benefits should be disturbed, however, a district court "may not try the case de novo." See Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Rather, plaintiff, as the party seeking review of the ALJ's decision, has the "burden of proof" to demonstrate he is entitled to relief. See Magallanes, 881 F.2d at 750. In other words, plaintiff bears the burden of demonstrating, in his motion for summary judgment, that the ALJ erred in some manner and that, as a result of such error, plaintiff either is entitled to benefits or to a new hearing before the ALJ. In that regard, and of particular importance, plaintiff must identify the errors he contends were made by the ALJ, see, e.g., Smith v. Chater, 951 F. Supp. 177, 181-82 (D. Co. 1997) (holding plaintiff seeking social security benefits not entitled to relief, where plaintiff asserted "grounds of error" existed but "[did] not identify the claimed error"), and also specify where those errors exist in the record, see, e.g., Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) (holding district court, in evaluating motions for summary judgment, not required to "examine the entire file for evidence" to determine if plaintiff's case has merit).

Plaintiff's submission to the Clerk of his copy of the administrative record does not suffice to meet plaintiff's burden to show his entitlement to relief in the above-titled action, and, consequently, the Court will not treat plaintiff's submission as his motion for summary judgment.[2]

Accordingly, the Clerk is hereby DIRECTED not to file plaintiff's copy of the

---

[2] Further, in order to prepare a motion for summary judgment, plaintiff in all likelihood will need his copy of the administrative record.

administrative record, and plaintiff is hereby DIRECTED to return to the Clerk's office, 450 Golden Gate Avenue, 16th Floor, San Francisco, California, no later than April 12, 2013, to retrieve his copy of the administrative record from the Clerk.[3]

In light of the above, the deadline for plaintiff to file his motion for summary judgment is hereby EXTENDED to April 30, 2013.  Plaintiff is hereby informed that if he fails to file a timely motion for summary judgment, the above-titled action may be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 3, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

[3]At the front desk, plaintiff is advised to ask for assistance from "Judge Chesney's docket clerk."

3